REQUESTED BY: Dear Senator Stoney:
You have asked us for an opinion on various aspects of LB 627. LB 627 generally may be described as an amendment of the local option lid law passed as LB 2, now codified as sections 77-3401 to 77-3411, R.S.Supp., 1979. We will answer your questions in the order in which you have asked them.
In your first question you ask whether or not section 2 of LB 627 places a constitutionally impermissible burden on the citizen's right regarding initiative and/or referendum. As you point out in your letter, section 2 of LB 627 amends section 77-3402. As it now appears, section 77-3402 authorizes an election when five percent of the registered voters of a political subdivision sign a petition which calls for a limitation on the budget of the political subdivision funded by ad valorem taxation. LB 627 increases that percentage to fifteen.
As a general proposition, of course, the Legislature has plenary authority except as limited by the Constitutions of the State of Nebraska and of the United States. The Nebraska Constitution reserves to the people the right of initiative and referendum in Article III, section 2 and section 3. Generally, an initiative in an action in which the people of the state, upon their own initiative, enact laws. The Constitution spells out the method to be followed in utilizing the power of initiative. A referendum is the power of the people to pass upon laws passed by the Legislature. Once again, the power is specified in the Constitution as are the methods to be followed in utilizing this power. Additional specifications for the power of initiative and referendum are contained within the statutes of the State of Nebraska.
The voters may initiate or refer laws contemporaneously with the Legislature. The Legislature may act even though the initiative or referendum process is occurring. See,Klosterman v. Marsh, 180 Neb. 506, 14 N.W.2d 744 (1966).
However, none of these powers have anything whatsoever to do with LB 627 or section 77-3401, et seq. The power of initiative and referendum is separate and apart from any statutory special election powers that may be created by the Legislature. The Legislature has seen fit, in the adoption of the Local Option Tax Control Act referred to above, to provide a particular vehicle that relates solely to budgets. Such an amendment is not affected by the provisions of the Constitution dealing with initiative and referendum.
In your second question you ask, `Does section 3 conflict with section 4 of LB 627 in that the year for which such limitations would be applicable cannot be readily determined from a joint reading of those two sections?' Section 3 provides:
 "When a budget limitation is approved by the voters at a primary or special election held for such purpose, the budget for the year in which taxes will be levied to fund such budget, shall, except as provided in section 23-929, be limited as provided in the petition."
Section 4, in part, provides:
 "The petition calling for a budget limitation election and the election notice shall refer to section 77-3402, state the percentage limitation placed on the budget for the ensuing year, and specify the year for which such limitation is applicable. . . ."
We can find no inconsistencies between the two sections. Section 3 provides that the budget shall be limited as provided in the petition.
Section 4 provides that the petition shall specify the year for which such limitation is applicable. Section 4 further provides that the year in which the limitation is effective shall be the ensuing fiscal year.
Giving such terms their normal and natural meaning, we conclude that such elections shall be held at least 120 days prior to the date on which the fiscal year of the affected subdivision begins and shall affect the budget commencing in the fiscal year specified in the petition subsequent to such election. We find no inconsistencies in these provisions.
In your third question you direct our attention to section 8 of LB 627 and ask whether or not the proviso therein requiring the elections to be paid for by the individual or organization filing the petition places an impermissible burden or the exercise of such rights. The Nebraska Constitution, Article III, Section 18, provides in part:
 "The Legislature shall not pass local or special laws in any of the following cases, that is to say:
". . . .
 "The opening and conducting of any election or designating the place of voting."
We believe that section 8 of LB 627 would be a local or special law in that it classifies a particular type of election differently from all other elections. Generally a law which operates equally upon an entire class would not fall within the prohibition of Article III, section 18. Section 8 of LB 627 would operate alike on all elections held for the specific purpose of limiting the budget of a political subdivision. However, it has classified this particular type of election as different from all others. Section 32-417 provides:
 "All ballots cast in election for public officers within this state shall be printed and distributed at public expense, as provided in sections 32-226 and 32-417 to 32-448. The printing of the ballots and cards of instruction for the electors in each county, and the delivery of the same to the election officers, shall be a county charge, the payment of which shall be provided for in the same manner as the payment of other county expenses. The expense of printing and delivering the ballots and cards of instruction to be used in any city, municipality, metropolitan utilities district, or other political subdivision elections shall be a charge upon the city, municipality, metropolitan utilities district, school district, or other political subdivision in which the elections shall be held."
We believe that segregating such elections from all other elections is an unreasonable classification. Thus, we believe it is a violation of Article III, section 18, and unconstitutional.
In your last question you ask whether section 9 of LB 627 is constitutional. Section 9 provides:
 "Any limitation placed on a budget pursuant to the Local Option Tax Control Act prior to the effective date of this act shall not apply to any budget for a fiscal year commencing after the effective date of this act."
As you are aware, under the Local Option Tax Control Act a budget limitation once imposed by a vote of the people remains until there is an affirmative vote to remove such limitation by a majority of all registered voters. We refer you to our Opinion No. 177, December 7, 1979, to Senator Orval Keyes in which this specific question was addressed. Generally, in that opinion we indicated that this area of law was uncertain. We adhere to the views expressed in that opinion and restate in modified form those views.
The Legislature generally has the authority to enact, repeal, amend and otherwise adopt laws for the government of local subdivisions. See Chase v. Douglas County, 195 Neb. 838,241 N.W.2d 334. We pointed out in that opinion that section 10 of the Local Option Tax Control Act, section77-3410, provided that any limitation imposed by the vote of the people would continue until there was a vote to remove that limitation. That provision, of course, was an act of the Legislature. The Legislature, by LB 627, would repeal that provision. As we indicated in our letter to Senator Keyes, we believe that such a specific repeal, coupled with an act that would eliminate existing budget limitations, might be sufficient to cure the problems we pointed out in our opinion to Senator Keyes. It is our further opinion that the specific provision of section 9 of LB 627 accomplishes that result. It is our opinion that section 9 could probably withstand an attack on its constitutionality.